## S. C. RICHARDS V. THE STATE.

No. 17149.   Delivered February 13, 1935.
Rehearing Denied April 3, 1935.

The opinion states the case.

*L. D. Hartwell* and *J. Benton Morgan,* both of Greenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for seven years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, made an assault in and upon Jim Crowder with the intent then and there to murder him.

The parties involved are negroes. Appellant was pastor of the Missionary Baptist Church, colored, in Commerce. Crowder was a deacon. During the progress of services on the 10th of September, 1933, appellant stated to his congregation that one Scales, pastor of the Holy Roller Church, would occupy the pulpit on Monday night. Crowder demurred, saying that the Missionary Baptist Church did not affiliate with the Holy Rollers. Appellant ordered him to sit down. According to the State's version, Crowder was leaving the church when appellant attacked him and knocked him over a banister. Appellant then

went to his home nearby; and, securing a shotgun, returned to the church, saying that he was going to kill Crowder. He then shot Crowder and beat him over the head with the gun. Crowder survived, but the wounds inflicted were of serious nature.

Appellant testified that he and Crowder had had previous quarrels. He further offered testimony to the effect that Crowder had threatened him. It was appellant's version of the transaction that he was being attacked at the time he struck Crowder, and that he thereafter secured the gun to protect himself. Further, he testified that when Crowder attacked him in the first encounter he felt a pistol on his person. Based upon appellant's testimony and that of his witnesses, the trial judge submitted a charge covering the law of self-defense.

Bill of exception No. 1 relates to the action of the trial court in permitting Crowder to exhibit the wound appellant inflicted on him. This bill merely embraces appellant's objections to the action of the court and fails to negative the fact that the location of the wound served to solve some controverted issue. The bill is insufficient to reflect error.

Bill of exception No. 2 brings forward an objection to the testimony of the physician who waited on Crowder to the effect that buckshot in the region of the body where Crowder was shot were calculated to cause death. We think this testimony was proper.

Bill of exception No. 4 recites that the district attorney asked a witness for appellant: "You don't condemn him (appellant) for shooting Crowder over there, do you?" As qualified, it is shown that the district attorney abandoned the question and it was not answered. Under the circumstances, we think the bill fails to reflect error.

It is recited in bill of exception No. 5 that the district attorney, in his closing argument, referred to appellant as an Indiana Yankee. The court promptly sustained appellant's objection to the remarks of counsel and instructed the jury not to consider same for any purpose. The bill of exception is qualified to the effect that the testimony showed that appellant was born in the State of Indiana and had received a D.D. degree from Wilberforce University of Ohio. The circumstances under which the remark was made are not shown in the bill of exception. If the argument was not proper, we think the court's action in instructing the jury to disregard same removed the possibility of injury.

In bill of exception No. 6 it is shown that the district attorney, in his closing argument, stated to the jury that the case

on trial was one of the worst assault-to-murder cases he had ever seen except one case in which a child had been poisoned. The court promptly sustained appellant's objection to the argument and instructed the jury not to consider same for any purpose. In view of the instruction to the jury, we think the bill fails to reflect reversible error.

It is shown in bill of exception No. 7 that the district attorney, in his closing argument, stated to the jury that appellant was a northern negro with a D.D. degree from Wilberforce University of Ohio. Appellant's objection to the argument was sustained. The evidence supported the statement. The circumstances under which said statement was made are not shown in the bill of exception. If it should be conceded that the argument was improper, in view of the court's instructions, we would not feel warranted in holding that the bill of exception reflects reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that, upon reasons stated in his brief, we should have decided this case differently. We have consulted the complaint made in the brief and in the light of same have gone over the record again. The testimony is conflicting,—that of the State making out a clear case of an unprovoked assault with a shot gun upon the injured party; that for the defense making it appear there was some justification. The settlement of conflicts in testimony is in the hands of the jury, and their action will be upheld by us unless unsupported by testimony or so manifestly against the great weight thereof as to evidence prejudice.

Being unable to agree with appellant's contention, the motion for rehearing will be overruled.

*Overruled.*